**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| ROBERT NEWMAN, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO. 4:05-CV-111 (CDL) |
| | * | 28 U.S.C. § 2254 |
| TORY HOWERTON, Warden, | * | |
| | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Before the Court is Respondent's Motion to Dismiss Petitioner's Application for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. In his Motion, the Respondent contends that Petitioner's § 2254 petition should be dismissed for his failure to exhaust available state remedies prior to the filing of the current petition. In support of his contention, the Respondent cites a Lowndes County Superior Court case number, 04-CV-1989, *Newman v. Howerton*, a state habeas petition filed by the Petitioner which is still pending.

28 U.S.C. § 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B) (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

>   (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the state through counsel, expressly waives the requirement.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971). Because this Petitioner's state habeas claim is still pending in the Lowndes County Superior Court, this court is without the authority to review his application.

It should also be noted that the Petitioner has filed a prior § 2254 petition in this court, attacking the same Muscogee County Superior Court conviction of burglary, Case Number 4:00-CV-129. However, Title 28, U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Therefore, the court was without jurisdiction to review the matter or even order Respondents to respond until authorized to do so by the United States Court of Appeals for the Eleventh Circuit.

WHEREFORE, it is hereby **RECOMMENDED** that petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies and petition the Eleventh Circuit Court of Appeals to file a second federal habeas corpus application pursuant to 28 U.S.C. § 2254.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 22nd day of December, 2005.

> S/ G. MALLON FAIRCLOTH
> UNITED STATES MAGISTRATE JUDGE

sWe